#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                            **Case No. 03-20081-01-JWL**
                                                                 **07-2054-JWL**

**Edward Gaines,**

      **Defendant.**

#### MEMORANDUM & ORDER

On February 25, 2004, Mr. Gaines was charged in a three-count indictment with conspiracy to distribute and to possess with intent to distribute cocaine; possession with intent to distribute cocaine; and possession with intent to distribute marijuana. Two days later, Mr. Gaines pled guilty to Count 1 of the superseding indictment. In the plea agreement executed by Mr. Gaines, he waived his right to appeal the sentence imposed or challenge it through collateral attack. On August 23, 2004, the court sentenced Mr. Gaines to a 235-month term of imprisonment. Judgment was entered on August 26, 2004. On June 20, 2005, this court concluded that Mr. Gaines was entitled to a delayed direct appeal of his sentence. On appeal, the Tenth Circuit granted the government's motion to enforce the waiver of rights contained in Mr. Gaines' plea agreement and dismissed Mr. Gaines' appeal.

On or about January 31, 2007, Mr. Gaines filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In light of Mr. Gaines' waiver of his right to

collaterally attack his sentence and the Tenth Circuit's enforcement of that waiver provision, the court, upon receipt of Mr. Gaines' motion, directed Mr. Gaines to show good cause why the court should not summarily deny his motion to vacate.

In response to the order to show cause, Mr. Gaines asserted that he received ineffective assistance of counsel in connection with the negotiation of both the plea agreement generally and the waiver specifically such that enforcing the waiver would be a miscarriage of justice under *Hahn*. Mr. Gaines also requested leave to amend his underlying motion to vacate to include ineffective assistance claims concerning the negotiation of the waiver provision. The court, then, concluded that Mr. Gaines had shown sufficient cause to avoid a summary dismissal of his motion to vacate and permitted Mr. Gaines to file a supplemental pleading setting forth his new ineffective assistance claims. The briefing concerning those claims is now complete and the claims are ripe for resolution.

A defendant may not collaterally attack his sentence or conviction if he has waived the right to do so in an enforceable plea agreement. *See United States v. Smith*, ___ F.3d ___, 2007 WL 2694195, at *2 (10th Cir. Sept. 11, 2007). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. *See id.* (citing *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004)). Aside from a jurisdictional challenge which the court addresses below, Mr. Gaines does not allege that his claims fall outside the scope of the waiver or that he did not knowingly and

voluntarily waive his rights.[1] Rather, Mr. Gaines contends that enforcement of the waiver will result in a miscarriage of justice because he received ineffective assistance of counsel in connection with the negotiation of the plea agreement and the waiver provision. *See id.* at *5 (With respect to the third prong of the enforcement analysis, a miscarriage of justice occurs when, among other things, "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid.") (quoting *Hahn*, 359 F.3d at 1327).

Mr. Gaines first contends that his counsel was ineffective for negotiating a plea agreement in which the government promised to request a reduced sentence for Mr. Gaines if it determined that Mr. Gaines provided substantial assistance in the prosecution of Mr. Gaines' co-defendants and then failing to enforce that agreement once Mr. Gaines provided such assistance.[2] This complaint, however, does not focus on the negotiation of the plea agreement or waiver but on counsel's purported ineffectiveness in failing to enforce a provision contained in that agreement. In other words, Mr. Gaines does not complain that the substantial assistance provision was unfavorable or that counsel was ineffective in negotiating that provision, only that his counsel

---

[1] The court, then, does not address these particular *Hahn* factors. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing that each *Hahn* factor need not be addressed if defendant does not make argument with respect to that factor).

[2] In a previous related motion, Mr. Gaines moved the court to enforce the plea agreement on the grounds that Mr. Gaines had provided substantial assistance but the government had refused to request a reduced sentence. Concluding that the agreement did not unequivocally obligate the government to file a substantial assistance motion, and because Mr. Gaines did not allege that the government refused to file the motion because of an unconstitutional motive or for a reason that was not rationally related to any legitimate government end, the court denied Mr. Gaines' motion to enforce.

should have done something to enforce it at a later date. As such, Mr. Gaines has not made the required connection between ineffective assistance of counsel and his acceptance of the plea agreement and waiver of rights. His claim, then, does not fall within the *Hahn* miscarriage-of-justice exception to the enforceability of his waiver.

Next, Mr. Gaines complains about a purported "anomaly" between Count 1 of the Superseding Indictment and the charge to which he pled guilty as expressed in the written plea agreement. According to Mr. Gaines, the written agreement states that Mr. Gaines agrees to plead guilty to Count 1 of the Superseding Indictment and describes that Count as "possession with the intent to distribute 500 grams or more of a controlled substance."[3] Mr. Gaines further contends that the government, in response to Mr. Gaines' previous motion for specific performance, stated that Mr. Gaines had pled guilty to Count 1 of the Superseding Indictment and that Count 1 charged "possession with the intent to distribute 5 kilograms or more of cocaine." Mr. Gaines contends that his counsel was ineffective for permitting him to plead guilty "notwithstanding this anomaly"–presumably, the purported anomaly in the quantity of drugs. The court rejects this argument. Although Mr. Gaines is correct that the government's response to his motion for specific performance stated the quantity of drugs as "5 kilograms or more," the government's description of Count 1 was inaccurate.[4] In fact, the quantity of drugs

---

[3]In fact, the written agreement concerns Mr. Gaines' plea of guilty to "conspiracy to distribute and possess with the intent to distribute" 500 grams or more of a controlled substance.

[4]The confusion may stem from the fact that Count 1 of the Second Superseding Indictment charged conspiracy to distribute and possess with the intent to distribute 5

4

set forth in Count 1 of the Superseding Indictment is "500 grams or more" and Mr. Gaines pled guilty to this quantity of drugs. Without question, Mr. Gaines has not shown that he received ineffective assistance of counsel sufficient to render the waiver invalid.[5]

Finally, Mr. Gaines asserts that his counsel was ineffective in negotiating a plea agreement in which Mr. Gaines pled guilty to aiding and abetting under 18 U.S.C. § 2 because "the charge does not give Movant fair notice of what section he was supposed to have been prepared to defend against." The court rejects this argument as well. Contrary to Mr. Gaines' suggestion, Mr. Gaines did not plead guilty to aiding and abetting; rather, he plead guilty to (and the Superseding Indictment charged) a violation "of Title 21, United States Code, § 846 and Title 18, United States Code, Section 2, that is, Conspiracy to Distribute and Possess with the Intent to Distribute 500 Grams or More of a Controlled Substance." Mr. Gaines, then, pled guilty only to conspiracy and his suggestion that he pled guilty to two separate crimes is flawed. The predicate offenses for the conspiracy are violations of 21 U.S.C. § 846, both directly and through

---

kilograms or more of a controlled substance. During Mr. Gaines' plea hearing, however, the court verified with counsel for both parties that they were proceeding on the original superseding indictment and not the second superseding indictment.

[5]Mr. Gaines also suggests that his counsel was ineffective for allowing Mr. Gaines to plead guilty to Count 2 of the Superseding Indictment (and that the court should not have allowed Mr. Gaines to plead guilty to Count 2) when that Count was not part of the plea agreement. The record clearly reflects, however, that Mr. Gaines did not plead guilty to Count 2. The plea agreement expressly indicates that Mr. Gaines agreed to plead guilty only as to Count 1 and that all remaining Counts would be dismissed at the time of sentencing. Consistent with that agreement, the court dismissed all remaining counts on the motion of the government at Mr. Gaines' sentencing. Mr. Gaines' arguments concerning Count 2, then, are simply not supported by the record and the court rejects those arguments.

a theory of aiding and abetting. *See United States v. DeSantiago-Flores*, 107 F.3d 1472, 1482 (10th Cir. 1997), *overruled on other grounds by United States v. Holland*, 116 F.3d 1353 (10th Cir. 1997).

Having denied Mr. Gaines' ineffective assistance claims concerning the negotiation of the plea agreement and waiver provision, the court, as previously conceded by Mr. Gaines, need not address the merits of the claims asserted in Mr. Gaines' initial § 2255 petition (except for Mr. Gaines' jurisdictional challenge as discussed below).[6] Rather, Mr. Gaines' petition is summarily denied in light of the waiver of rights executed by Mr. Gaines which the court hereby enforces. The only claim remaining for resolution, then, is Mr. Gaines' claim that the court lacked jurisdiction to accept Mr. Gaines' plea because Mr. Gaines never committed a federal offense in Kansas and there were no overt acts committed in Kansas. Mr. Gaines, however, pled guilty to drug conspiracy and the factual basis set forth in the plea agreement, to which Mr. Gaines agreed, explains that Mr. Gaines was stopped by a Kansas Highway Patrol Officer in Wyandotte County, Kansas while possessing and transporting cocaine through the State of Kansas for ultimate distribution in Florida. Jurisdiction, then, over the conspiracy and Mr. Gaines is proper in this forum because federal district courts have original jurisdiction over all offenses against the laws of the United States in district courts, *United States v. Anglin*, 438 F.3d 1229, 1230 (10th Cir. 2006) (citing 18 U.S.C. § 3231), and because subject matter jurisdiction was conferred

---

[6]In his response to the court's show cause order, Mr. Gaines contended that jurisdictional challenges can never be waived. The government has not challenged this assertion and, thus, the court assumes without deciding that Mr. Gaines' assertion is correct.

6

on the district court by the filing of the indictment. *United States v. Brown*, 164 F.3d 518, 521 (10th Cir. 1998).  In addition, venue is proper in this forum because overt acts in furtherance of the conspiracy occurred within the forum.  *See United States v. Miller*, 111 F.3d 747, 753 n.8 (10th Cir. 1997) (in drug conspiracy case, "venue for a defendant lies either in the jurisdiction in which the conspiratorial agreement was formed or in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators").

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 171) is summarily denied and the government's motion for enforcement of the plea agreement (doc. 178) is granted.

**IT IS SO ORDERED** this 10th day of October, 2007.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge
